DUBINA, Chief Judge,
concurring specially:
Even though I initially agreed with the panel opinion, I now concur fully in the well-reasoned majority opinion and write separately to emphasize that after studying the issue further and having the benefit of en banc oral argument and briefing, I am persuaded that Gilbert’s sentencing guidelines claim does not fall within the savings clause of 28 U.S.C. § 2255, and that the policy principles regarding finality of judgment weigh most heavily in denying Gilbert the relief he seeks. As the majority opinion states, “one of the principal functions of AEDPA was to ensure a greater degree of finality for convictions.” Johnson v. United States, 340 F.3d 1219, 1224 (11th Cir.2003). In enacting AEDPA, Congress placed restrictions on the filing of second or successive petitions to ensure the finality of state and federal court judgments. Because the principle of finality of judgment is paramount to our criminal justice system, Gilbert’s attempt to circumvent the second or successive motions bar that Congress placed in § 2255(h) cannot succeed. Accordingly, I join the majority in affirming the district court’s judgment denying habeas relief.